IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Docket No. 1:25-cr-293 |
| | ) Sentencing hearing: July 10,2026 |
| JAMES FREDERICK MOORE, | ) |
| Defendant | ) |

**DEFENDANT'S POSITION ON SENTENCING**

James Frederick Moore comes before the Court for sentencing in a case in which he has accepted full responsibility for his actions. On March 9, 2026, Mr. Moore pled guilty to an Indictment, without the benefit of a plea agreement, charging him with unlawful possession of ammunition by a person convicted of a crime punishable by imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1); unlawful possession of a firearm (prior conviction) in violation of DC Code § 22-4503(a)(1); and possession of a prohibited weapon in violation of DC Code §§ 22-4514(a) and (c)(1). Mr. Moore assisted the government in its prosecution of his misconduct, timely notified authorities of his intention to plead guilty, and now stands ready to accept the consequences of his conduct.

Pursuant to 18 U.S.C. § 3553(a), Rule 32 of the Federal Rules of Criminal Procedure, and Section 6A1.3 of the advisory United States Sentencing Guidelines, Mr. Moore, by and through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case. He submits that the guideline calculations in the PSR are accurate with a total base offense of 12 and criminal history category of V with a corresponding advisory guideline range of 27 – 33 months.

**SENTENCING RECOMMENDATION**

For the reasons stated below, Mr. Moore respectfully asks the Court to impose a sentence of imprisonment of no more than 27 months followed by a one-year term of supervised release. A sentence of 27 months is consistent with the average length of imprisonment imposed on 636 defendants similarly situated as Mr. Moore (primary guideline was § 2K2.1, final offense level 12 and criminal history category V), during the last five fiscal years (FY2021-2025). *See* PSR ¶ 182.

The government seeks a sentence of 33 months of imprisonment – the top of the guideline range – despite there being no aggravating circumstances involved in this crime of conviction. Mr. Moore was experiencing a medical crisis when law enforcement arrived on the scene to assist. **Law enforcement found Mr. Moore in possession of an <u>inoperable firearm</u>, with no round in the chamber and a loaded magazine**. There were no reports of Mr. Moore brandishing, threatening or using the firearm in any way.

In support of their request for a 33-month sentence, the government makes arguments stating that Mr. Moore put the community in grave danger of an inadvertent discharging of the firearm. This argument is disingenuous, at best. The government is fully aware that the firearm Mr. Moore possessed was inoperable and not capable of expelling any projectile, in its then condition. Specifically, the firearm was found "to have alignment issues within the trigger group which does not allow the trigger bar (and its integral cruciform) to cam downward and rearward as designed and intended.…" *See* Exhibit A at 3 (Government's Report of Technical Examination). Further, the government knew that the firearm did not have a round in its chamber. *See* Government's Memorandum in Aid of Sentencing, p. 3, ¶ 1.

The applicable guideline range in this matter is 27-33 months. There are no factual circumstances (aggravating) that warrant a sentence at the high end of the range. There is, however,

empirical evidence to support a sentence at the low end of the range. As such, Mr. Moore submits that a sentence of 27 months of incarceration is sufficient, appropriate and complies with the purposes of sentencing.

## LEGAL STANDARD

The fundamental requirement of a federal sentence is to be "sufficient, but not greater than necessary, to comply with the purposes" set forth in § 3553(a). The factors to be considered by the district court in determining the appropriate sentence are as follows: the nature and circumstances of the offense and the history and characteristics of the defendant; the advisory guidelines range; the need to avoid unwarranted sentencing disparities; the need for the sentence to provide just punishment for the offense; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). These requirements reflect the "uniform and constant federal judicial tradition of considering every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007).

## APPLICATION OF THE § 3553(a) SENTENCING FACTORS

*A. Nature and circumstances of the offense.*

On September 3, 2025, members of the Metropolitan Police Department (MPD) were dispatched to investigate an individual who was passed out on the sidewalk and was in possession of a firearm at the intersection of 1st Street NW and Florida Avenue NW, Washington DC. Officers arrived at the scene and found Mr. Moore nonresponsive. The officers pulled up the jacket of Mr. Moore to locate the firearm, startling Mr. Moore and arousing him. They then placed Mr. Moore

in handcuffs and removed the firearm from his waistband. Mr. Moore was evaluated by D.C. Fire and EMS and afterwards placed under arrest by MPD.

B. *The History and Characteristics of James Frederick Moore.*

The Presentence Investigation Report appropriately captures the history and characteristics of Mr. Moore. Notably, Mr. Moore has an extensive history of battling with Mental and Emotional Health. *See* PSR ¶ ¶ 111 - 117.

C. *The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.*

A sentence of 27 months of incarceration is significant. Undoubtedly, such a sentence demonstrates the seriousness of the offense, provides adequate punishment and promotes respect for the law.

After Mr. Moore completes his sentence of incarceration, he must serve out a term of supervised release. As the Supreme Court itself has recognized, a term of supervised release is a consequential punishment in that it "substantially restrict[s] [an offender's] liberty." *Gall v. United States*, 552 U.S. 38, 48 (2007). As the Court noted, those on supervised release "may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from their probation officer or the court. They must report regularly . . . permit unannounced visits to their homes . . . refrain from excessive drinking," and abide by other standard and special conditions imposed by the sentencing judge. *Id*. at 48-49.

There is no question that the numerous consequences Mr. Moore will face, as a result of his convictions, afford more than adequate general deterrence against similar conduct. The myriad of laws, rules and regulations that discriminate against ex-offenders and prevent their reintegration into the community were poignantly described by Judge Fredrick Block of the Eastern District of

New York as "a form of civi[l] death' that send[s] the unequivocal message that 'they' are no longer part of 'us.'" *United States v. Nesbeth*, No.15-CR-18 (FB), 2016 WL 3022073, at *1 (E.D.N.Y. May 24, 2016) (quoting *Michelle Alexander, The New Jim Crow142* (2010). The barriers raised by ever-expanding collateral consequences, branding so many millions with the "Mark of Cain" also carry with them new and potent deterrent effect.[1]

*D. The need to avoid unwarranted sentencing disparities.*

As stated earlier, Probation indicated in paragraph 182 of the PSR, under the heading Judiciary Sentencing Information, that during the last five fiscal years, there were 658 defendants whose primary guideline was § 2K2.1, with a final offense level 12 and a criminal history category of V. For 636 defendants, the average length of imprisonment imposed was 27 months. This empirical evidence is supportive of a 27-month sentence and avoids unwarranted disparities.

**CONCLUSION**

For the foregoing reasons, Mr. Moore respectfully asks this Honorable Court to sentence him to no more than 27 months, followed by a one-year term of supervised release. He also asks the Court not to impose a fine because of his inability to pay due to his impending incarceration.

Respectfully submitted

JAMES FREDERICK MOORE
By Counsel

*Kevin Wilson*

Kevin E. Wilson / VSB# 80033
5425 Wisconsin Avenue, Suite 600
Chevy Chase, Maryland 20815
(855) 749-2100
kevin@kevinewilsonlaw.com

[1] There are approximately 45,000 laws and rules in U.S. jurisdictions that restrict opportunities and benefits in one way or another based upon a conviction. *Nat'l Inventory of the Collateral Consequences of Convictions*, available at http://www.abacollateralconsequences.org.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2026, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to counsel(s) of record.

Kevin Wilson

Kevin E. Wilson, Esq.